# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TAVON M. MAYS,

      Plaintiff,

  v.                                      Civil Action 2:20-cv-1060
                                            Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Jolson

THE COLUMBUS POLICE DEP, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend/Correct (Doc. 22). For the reasons set forth below, the Motion is **DENIED**.

## I.    BACKGROUND

This case began on February 26, 2020, when Plaintiff brought suit against Defendants The Columbus Police Department, Officer Troy M. Hammel, and Officer Serge Akpalo. (Doc. 1). Defendants were served, and they answered the Complaint. (Doc. 6). The Undersigned then issued a scheduling order. (Doc. 12). Relevant here, October 15, 2020, was set as the deadline for amending the pleadings. (*Id.*). Then, on March 9, 2021, Plaintiff filed another lawsuit. *Mays v. Franklin County Correctional Center I*, No. 2:21-cv-986 (S.D. Ohio Mar. 9, 2021). The matter was reassigned to District Judge Sargus and the Undersigned. It quickly became clear that the new lawsuit was based upon the same allegations as the above captioned case. Accordingly, the Court dismissed the new lawsuit and ordered Plaintiff to seek amendment in this case. (Doc. 20). Plaintiff did so, and Plaintiff's Motion to Amend/Correct is now before the Court. (*See* Doc. 22).

## II. STANDARD

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). When a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Yet, "[o]nce a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (citing *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003)). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). The Court must also consider "the potential prejudice to the nonmovant." *Leary*, 349 F.3d

at 909. Because the deadline for amending the pleadings has passed (*see* Doc. 12), the Court considers both Rules 15 and 16.

## III. DISCUSSION

In his Motion, Plaintiff seeks to add Franklin County Correctional Center I as a defendant in this lawsuit. It appears that he believes the correctional center, in addition to the other named defendants, is responsible for violating his constitutional rights. (*See generally* Doc. 22). All of Plaintiff's claims arise from his arrest and imprisonment on March 16, 2019. (*See* Doc. 1-1). As noted, the deadline to add parties expired on October 15, 2020, nearly seven months ago. Consequently, Plaintiff must explain the delay and otherwise show his diligence. Plaintiff has not done so. Indeed, he could have sued the correctional center from the start because he of course knew he was housed there. So Plaintiff has not been diligent. *Permasteelisa CS Corp.*, 2007 WL 1683668, at *2 (noting that the touchstone of the Rule 16 inquiry is the movant's diligence). And Plaintiff has not explained why he did not seek this amendment sooner.

Moreover, Plaintiff notes that he "want[s] to make sure all appropriate parties are held accountable[.]" (Doc. 22 at 3). Yet, Franklin County Correctional Center I is not amenable to suit. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." 42 U.S.C. § 1983. A local jail or correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Mich. Dept. of Corrs.*, 65 F. App'x 922 (6th Cir. 2003) affirming dismissal of department of corrections); *Black v. Hamilton Cty. Clerk of Courts &*

*Justice Ctr.*, No. 1:21-cv-004, 2021 U.S. Dist. LEXIS 76550 (S.D. Ohio Mar. 17, 2021) (dismissing correctional facility).

Additionally, the Court notes that Defendants would suffer prejudice if another party was added at this stage. *Leary*, 349 F.3d at 909 (requiring courts to consider "the potential prejudice to the nonmovant"). Plaintiff has been deposed (Doc. 21), discovery has closed, and the dispositive motion deadline is fast-approaching. (*See* Doc. 12 (setting July 15, 2021, as dispositive motion deadline). To add parties at this point would delay resolution and prejudice Defendants.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend/Correct (Doc. 22) is **DENIED**.

Date: May 6, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE