IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAVON M. MAYS,

      Plaintiff,

                                    Civil Action 2:20-cv-1060
    v.                            Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge Kimberly A. Jolson

THE COLUMBUS POLICE DEP., et al.,

      Defendants.

**REPORT AND RECOMMENDATION AND ORDER**

This matter is before the Undersigned for consideration of Defendants' Motion for Summary Judgment (Doc. 29) and Plaintiff's Motion for Leave to Amend Complaint (Doc. 32). For the reasons that follow, the Undersigned **RECOMMENDS** Defendants' Motion be **GRANTED**, and it is **ORDERED** that Plaintiff's Motion be **DENIED**.

**I.    BACKGROUND**

Plaintiff Tavon M. Mays brings this action under 42 U.S.C. § 1983 against Defendants Officer Troy M. Hammel, Officer Serge Akpalo, and the Columbus Police Department, alleging unlawful arrest without probable cause in violation of his Fourth Amendment rights.

On March 16, 2019, Plaintiff called 911 about a custody dispute and requested police to be dispatched to 5031 Holbrook Drive, the home of his mother, Traniece Morgan. (Docs. 27, 28, 911 Call). On the call, Plaintiff noted a restraining order Ms. Morgan had against him. (*Id*. at 0:20-0:23). Shortly thereafter, Defendant Officer Hammel arrived at Ms. Morgan's residence. (Docs. 27, 28, Body Worn Camera at 1:40). Ms. Morgan informed Officer Hammel that Plaintiff was not allowed on her property. (*Id*. at 2:25).

Plaintiff then opened the door to Ms. Morgan's home, in an apparent attempt to enter, and Officer Hammel stepped outside to speak with him. (*Id*. at 2:35). Plaintiff again noted a protection order against him. (*Id*. at 4:10-4:20). Ms. Morgan then provided Officer Hammel a copy of the order. (*Id*. at 7:23; *see also* Doc. 29-1). At that point, Officer Hammel confirmed the protection order was in effect. (Body Worn Camera at 25:48). Next, Defendant Officer Hammel explained to Plaintiff the order was in effect, he had been served, and he violated the conditions of the order by entering the home and being within 50 feet of Ms. Morgan. (*Id*. at 35:36-36:02). Shortly thereafter, Plaintiff was arrested. (*Id*.).

Plaintiff was charged with one count of first-degree misdemeanor Violation of Protection Order. (Doc. 29-2 at 1). Ultimately, the case was dismissed on January 13, 2020, when Ms. Morgan failed to appear as a witness. (Doc. 29-3 at 1).

Plaintiff then filed a lawsuit, under 42 U.S.C. § 1983, asserting that Defendants violated his Fourth Amendment rights by arresting him. (Doc. 3 at 2). The case progressed, and Defendants filed a Motion for Summary Judgment on July 14, 2021. (Doc. 29). Plaintiff opposed the Motion. (Doc. 30). Additionally, on September 27, 2021, Plaintiff moved for leave to amend his Complaint. (Doc. 32). The Court considers both Motions (Docs. 29, 32).

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co*., 12 F.3d 1382, 1388–89 (6th Cir. 1993). When the moving

party has carried this burden, the nonmoving party must then set forth specific facts showing that there is a genuine issue for trial. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009).

## III. DISCUSSION

Plaintiff asserts federal claims under § 1983 for wrongful arrest due to lack of probable cause against Officer Hammel, Officer Akpalo, and the Columbus Police Department. (Doc. 3). Defendants have moved for summary judgment on all of Plaintiff's claims. (Doc. 29 at 1). Regarding the § 1983 claim against Officer Hammel and Officer Akpalo, Defendants argue Plaintiff's claim is without merit because the officers had probable cause. (*Id.* at 7). Defendants also argue the Columbus Police Department should be dismissed as a defendant since it is "well-established that police departments 'are not *sui juris* and therefore, cannot sue or be sued.'" (*Id.*) (quoting *Deir v. Lake County*, No. 1:12 CV 110, 2012 U.S. Dist. LEXIS 47393 (N.D. Ohio Apr. 4, 2012)). The Court addresses each argument in turn.

### A. Claims against Officer Troy M. Hammel and Officer Serge Akpalo

Plaintiff alleges that Defendants Officers Hammel and Akpalo, arrested him for violation of a protection order without probable cause. (Doc. 29 at 5). More specifically, Plaintiff argues that the officers had no probable cause because he was not properly served the protection order prior to his arrest. (Doc. 30 at 1).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *Young v. Owens*, 577 F. App'x 410, 413 (6th Cir. 2014). Regarding the second element, "[t]he traditional definition of acting under color of law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

3

*Smigelski v. Cluley*, No. 2:20-CV-4812, 2020 U.S. Dist. LEXIS 228610, at *9 (S.D. Ohio Dec. 4, 2020). Additionally, to state a claim for relief under § 1983, Plaintiff must allege that each defendant had "personal involvement in the deprivation of his rights." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

The Fourth Amendment protects against warrantless arrests absent probable cause. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). So a wrongful arrest claim under § 1983 turns on whether a plaintiff can prove that the police lacked probable cause. *Id*. A police officer has probable cause "if there is a fair probability that the individual to be arrested has either committed or intends to commit a crime." *Id*. Probable cause is determined by the police officer "examining the facts and circumstances within his knowledge that are sufficient to inform a prudent person, or one of reasonable caution, that the suspect has committed, is committing, or is about to commit an offense." *Id*. An eyewitness statement that he or she saw a crime committed or was the victim of a crime is generally sufficient to establish probable cause. *United States v. Shaw*, 464 F.3d 615, 623 (6th Cir. 2006). Here, the circumstances surrounding Plaintiff's arrest show that there is no genuine dispute of material fact about whether probable cause existed.

In support of their summary judgment motion, Defendants have submitted the Order of Protection at issue (Doc. 29-1), the criminal complaint charging Plaintiff with violating the protection order (Doc. 29-2), and the order dismissing the case (Doc. 29-3). They also rely on Plaintiff's deposition testimony and the exhibits Plaintiff authenticated during his deposition (Docs. 26-1, 27, 28). At base, that evidence demonstrates it was reasonable for Officers Hammel and Akpalo to believe there was an active protection order and that Plaintiff violated that order.

To begin, Ms. Morgan informed Officer Hammel she had an active protection order against Plaintiff and supplied a copy of the order (Body Worn Camera at 7:23). The submitted evidence

4

shows that Defendants had no reason to discredit Ms. Morgan's statements.  Beyond that, Officer Hammel took steps to confirm the order was in effect and properly served.  (Body Worn Camera at 25:48).  Moreover, Plaintiffs own words and actions demonstrated his awareness of the protection order.  So Officers Hammel and Akpalo had every reason to believe that the protection order was valid.  And Plaintiff's actions—standing on the porch, in the doorway, and entering the home—were clear violations of the protection order.  (*See* Order of Protection, Doc. 29-1 at 2) (requiring Plaintiff to stay away from Ms. Morgan's property)).  Thus, the evidence supports only one conclusion:  The Officers had probable cause.

Importantly, Plaintiff does not challenge Defendants' evidence.  (*See generally* Doc. 30). Instead, he argues that he was unaware of the specific nature of the protection order and was not properly served.  (*Id*. at 2).  But that has no bearing on whether the Officers had probable cause to believe he was in violation of the protection order.  In fact, in his deposition, Plaintiff agreed that Officer Hammel took steps to confirm the order's validity. (Doc. 26-1 at 68–71).  Plaintiff further fails to dispute Officer Hammel's reliance on the Columbus Police records department's confirmation of service and the protection order.  Since no genuine issues of material fact remain as to whether Officer Hammel and Officer Akpalo had probable cause to arrest Plaintiff, summary judgment is appropriate here.

### B.  Claim against Columbus Police Department

Next, Defendants argue Plaintiff improperly named the Columbus Police Department as a Defendant, as it is not subject to suit under 42 U.S.C. § 1983.  (Doc. 29 at 7).  Plaintiff does not address this argument in his response.  (Doc. 30).

Police departments are generally not liable as defendants independent from the municipalities they serve.  In *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002), this

Court determined that the Kettering Police Department could not be held liable independently of the City of Kettering itself. The Court held that police departments cannot be sued *sui juris*, as they are merely sub-units of the municipalities they serve. *See Williams v. Dayton Police Dept.*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). Accordingly, to state a claim against a police department, a plaintiff must include the department's municipality. Here, Plaintiff did not name the City of Columbus, the municipality which the Columbus Police Department serves, as a Defendant. Accordingly, the Columbus Police Department should be dismissed as a Defendant.

Even if the Plaintiff had named the City of Columbus as a Defendant, the City can be liable under § 1983 only if the City itself "caused the constitutional deprivation [;] . . . it cannot be held liable on the basis of *respondeat superior*." *Chapman v. City of Steubenville*, No. 2:09-cv-00224, 2010 U.S. Dist. LEXIS 99834, at *18 (S.D. Ohio July 23, 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Thus, Plaintiff's claims against the City and Columbus Police Department under a *respondeat superior* theory fail.

Similarly, § 1983 liability cannot apply here as Plaintiff has not identified a municipal policy which led to the alleged deprivation of constitutional rights. *See Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004) (holding that a plaintiff asserting a § 1983 claim on the basis of a municipal custom or policy must identify the policy, connect the policy to the municipality itself, and show that the particular injury was incurred because of the execution of that policy); *see also Monell*, 436 U.S. at 692 (stating that a government entity is liable under § 1983 only where its official policy causes its employee to violate an individual's constitutional rights). Like the other Defendants, the Columbus Police Department is entitled to summary judgment**.**

**C. Leave to Amend**

Finally, the Court considers Plaintiff's Motion for Leave to Amend Complaint. (Doc. 32). The scheduling order required any joinder of parties or motions to amend be submitted by October 15, 2020. (Doc. 12). Because Plaintiff moved to amend after the amendment deadline, he "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). This Court has noted that "the touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

Plaintiff fails to demonstrate good cause. Plaintiff seeks leave to amend to join "Sheriff Baldwin" as a Defendant in this case, because "[i]n the course of examining [his case], [P]laintiff realized Sheriff Baldwin is involved . . . ." (Doc. 32 at 1). He makes no specific allegations about why this information was unavailable to him prior to the amendment deadline. Even presuming the amendment stems from new information obtained during discovery, the deadline to complete discovery was May 5, 2021 (Doc. 12), and Plaintiff offers no explanation as to why he did not seek leave to amend over the last several months. In sum, Plaintiff's allegations and the record do not suggest that he acted diligently in meeting the amendment deadline, and thus he does not meet the threshold for amending the scheduling order set out in Rule 16(b).

Even were the Court to proceed with a Rule 15(a)(2) analysis, it would exercise its broad discretion to deny this amendment, namely for the undue delay and prejudice that would

7

accompany such an amendment at this late stage in the litigation. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Significantly, the deadlines for discovery (May 5, 2021) and for dispositive motions (July 15, 2021) have both passed. (Doc. 12). The Sixth Circuit has held that "allowing amendment after the close of discovery creates significant prejudice[.]" *Shane*, 275 F. App'x at 536 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). To allow Plaintiff to amend now would unduly prejudice Defendants and delay the litigation—because it would likely require further discovery, and because Defendants' summary judgment motion (Doc. 29) has already been filed. Thus Plaintiff's request for leave to amend is **DENIED**.

## IV.     CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 29) be **GRANTED**, and Plaintiff's Motion for Leave to Amend Complaint (Doc. 32) is **DENIED**.

## V.      PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties' written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: September 29, 2021                                          /s/ Kimberly A. Jolson
                                                                                 KIMBERLY A. JOLSON
                                                                                  UNITED STATES MAGISTRATE JUDGE