UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAVON M. MAYS,

    **Plaintiff,**

  v.

    Case No. 2:20-cv-1060
    JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Kimberly A. Jolson

THE COLUMBUS POLICE DEP., *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on September 29, 2021, (ECF No. 3.), in which she recommended granting Defendants' Motion for Summary Judgment. (ECF No. 36). Plaintiff timely objected to the Report and Recommendation. (ECF No. 37.) Contemporaneously with his objections, Plaintiff also filed a Motion to Compel Discovery. (ECF No. 36.) For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation, and **GRANTS** Defendants' Motion for Summary Judgment. (ECF No. 29.) Accordingly, Plaintiff's Motion to Compel is **DENIED AS MOOT**. (ECF No. 36.)

### I. Overview

#### A. Factual and Procedural Background

The core facts of this case are undisputed and accurately set forth in the Magistrate Judge's Report and Recommendation:

> On March 16, 2019, Plaintiff called 911 about a custody dispute and requested police to be dispatched to 5031 Holbrook Drive, the home of his mother, Traniece Morgan. (Docs. 27, 28, 911 Call). On the call, Plaintiff noted a restraining order Ms. Morgan had against him. (*Id.* at 0:20- 0:23). Shortly thereafter, Defendant Officer Hammel arrived at Ms. Morgan's residence. (Docs. 27, 28, Body Worn Camera at 1:40).

1

> Ms. Morgan informed Officer Hammel that Plaintiff was not allowed on her property. (*Id*. at 2:25).
>
> Plaintiff then opened the door to Ms. Morgan's home, in an apparent attempt to enter, and Officer Hammel stepped outside to speak with him. (*Id.* at 2:35). Plaintiff again noted a protection order against him. (*Id.* at 4:10-4:20). Ms. Morgan then provided Officer Hammel a copy of the order. (*Id.* at 7:23; see also Doc. 29-1). At that point, Officer Hammel confirmed the protection order was in effect. (Body Worn Camera at 25:48). Next, Defendant Officer Hammel explained to Plaintiff the order was in effect, he had been served, and he violated the conditions of the order by entering the home and being within 50 feet of Ms. Morgan. (*Id.* at 35:36-36:02). Shortly thereafter, Plaintiff was arrested. (*Id.*). Plaintiff was charged with one count of first-degree misdemeanor Violation of Protection Order. (Doc. 29-2 at 1). Ultimately, the case was dismissed on January 13, 2020, when Ms. Morgan failed to appear as a witness.

(ECF No. 35 at PageID #296-97.)

Two months after the charge for violating the protection order was dismissed, Plaintiff filed this action under 42 U.S.C. § 1983, alleging that Officers Hammel and Akpalo unlawfully arrested him without probable cause in violation of his rights under the Fourth Amendment of the United States Constitution. (ECF No. 3.) More specifically, Plaintiff argued that the officers had no probable cause because he was not properly served with the protection order prior to his arrest. (*Id.* at PageID #18.)

Subsequently, Defendants moved for summary judgment, (ECF No. 29), which the Magistrate Judge recommended be granted in their favor. (ECF No. 35.) Plaintiff thereafter brought his objections to the Magistrate Judge's Report, (ECF No. 37), as well as a motion to compel Defendants to produce the entire footage recorded by Officer Hammel's body camera prior to and during Plaintiff's arrest. (ECF No. 36.)

### B. The Magistrate Judge's Findings

In recommending that summary judgment be granted in favor of Defendants, the Magistrate Judge thoroughly reviewed the facts and properly applied the appropriate law. She made several core findings: First, that, regardless of whether Plaintiff was served with his

2

protection order, the record showed that there was no genuine dispute that Officers Hammel and Akpalo had probable cause to arrest Plaintiff, and, thus, the officers were entitled to judgment as a matter of law. (ECF No. 35 at PageID #300.) Similarly, the Magistrate Judge found that (i) the Columbus Police Department could not be sued independent from the municipality of Columbus, and (ii) even if Plaintiff *had* properly sued the City of Columbus, the basis of Plaintiff's claim would still be insufficient to ward off summary judgment. (*Id.* at PageID #301.)

## II. Standards of Review

### A. Reports and Recommendations

If a party objects within the allotted time to a magistrate judge's report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and that the reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." It follows, then, that an objecting party waives review of any uncontested portions of a report.

### B. Summary Judgment

At issue are certain findings in the Report related to Defendants' Motion for Summary Judgment. (ECF No. 29.) Summary judgment is appropriate only if, based on the record, the movant demonstrates that there is no genuine dispute of material fact such that they are entitled judgment as a matter of law. Fed. R. Civ. P. 56; *see Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016) ("When reviewing a summary judgment order, we must 'determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"). Accordingly, upon review, all inferences to be drawn from the underlying facts must be construed in the light most

3

favorable to the non-movant. *Id.* at 390.

### III. Analysis

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *Young v. Owens*, 577 F. App'x 410, 413 (6th Cir. 2014). Regarding the second element, "[t]he traditional definition of acting under color of law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Smigelski v. Cluley*, No. 2:20-CV-4812, 2020 U.S. Dist. LEXIS 228610, at *9 (S.D. Ohio Dec. 4, 2020). Additionally, to state a claim for relief under § 1983, Plaintiff must allege that each defendant had "personal involvement in the deprivation of his rights." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

The Fourth Amendment protects against warrantless arrests absent probable cause. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). Thus, a wrongful arrest claim under § 1983 turns on whether a plaintiff can prove that the police lacked probable cause. *Id*. A police officer has probable cause "if there is a fair probability that the individual to be arrested has either committed or intends to commit a crime." *Id*. Courts ascertain the existence of probable cause by "examining the facts and circumstances within" the knowledge of the arresting officer(s) at the time an arrest is made. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002) (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). So long as those facts and circumstances are "sufficient to inform 'a prudent person, or one of reasonable caution,' that the suspect 'has committed, is committing, or is about to commit an offence,'" probable cause exists. *Id*. The inquiry, in other words, focuses on the perspective of the officer, rather than that of the

4

arrestee.

Plaintiff makes seven objections to the Report and Recommendation, which found that "the circumstances surrounding Plaintiff's arrest show that there is no genuine dispute of material fact about whether probable cause existed." (ECF No. 37.) Several issues with those objections are of note.

First, none of Plaintiff's objections challenges the Magistrate Judge's recommendation that summary judgment should be granted in favor of the Columbus Police Department. (ECF No. 37.) Plaintiff has thus waived review of those portions of the Report. *See* 28 U.S.C. § 636(b)(1)(C).

Second, none of the Plaintiff's objections challenges any of the Report's findings. (ECF No. 35 at PageID #303; ECF No. 37.) Rather, Plaintiff takes issue with factual assertions raised in, or exhibits related to, Defendants' Motion for Summary Judgment. (ECF No. 37.) Indeed, all of Plaintiff's seven objections either (i) add context to, but do not reject, a factual assertion made by the Defendants in exhibits attached to their deposition filing and summary judgment motion, (ECF Nos. 26, 29), or (ii) reassert Plaintiff's original argument that he was unaware of the "specific nature of the protection order and was not properly served." (ECF No. 35.) These include:

1. **Objection One:** Plaintiff's objection to a statement in Defendants' motion for summary judgment that Plaintiff, while on the phone with 911 dispatch shortly before his arrest, mentioned four times that he had a restraining order against him. (ECF No. 37 at PageID #343-44.)

2. **Objection Two, Three, Four, Five, and Six**: Plaintiff's objections to various parts of two exhibits filed by Defendants, which Plaintiff claims falsely depict that he was properly served with the relevant protection order at the time of his arrest. (*Id.* at PageID #344.)

3. **Objection Seven**: Plaintiff's objection to Exhibit 3 of Defendants' Motion for Summary Judgment, a dismissal entry filed in the Franklin County Municipal Court. (*Id.* at PageID #346.)

5

Construed as challenges to the corresponding factual findings of the Report, these objections fail to alter the validity of the Magistrate Judge's conclusion that probable cause existed. The record demonstrates that, even if Plaintiff was not properly served the protection order, Officer Hammel still had ample cause to believe there was a "fair probability" that Plaintiff had committed a crime. The record shows that:

1. Before Officer Hammel even arrived, Plaintiff represented multiple times to 911 dispatch that Ms. Morgan had some form of restraining order against him. (ECF No. 26-1 at Page ID #101-04.)

2. When Officer Hammel arrived, Ms. Morgan informed him of the protection order and provided him with a copy of it. (Body Worn Camera at 02:14, 07:25.)

3. Officer Hammel observed Plaintiff on Ms. Morgan's property. (Body Worn Camera at 04:00.)

4. Prior to arresting Plaintiff, Officer Hammel verified with the police department's records unit that the relevant protection order was active and served on Plaintiff. (Body Worn Camera at 25:49; ECF No. 26-1 at PageID #141-43.)

Plaintiff additionally claims that Officer Hammel "knew" that Plaintiff had not been served with the protection order prior to the arrest. (ECF No. 37 at PageID at #344-45.) In support, Plaintiff points to the fact that (i) Ms. Morgan told Officer Hammel that she did not think Plaintiff had been served (Body Worn Camera at 13:52; ECF No. 37 at PageID #344) and (ii) a record indicating that the Plaintiff was served on March 18, 2021—two days after his arrest.[1] (ECF No. 30-6.)

What matters for present purposes, however, is that Officer Hammel could have reasonably believed that Plaintiff violated a valid, enforceable protective order. The foregoing facts demonstrate that Ms. Morgan informed Officer Hammel she had an active protection order

---

[1] Plaintiff claims that the service on January 7, 2019 was "unsuccessful," causing the case to be continued to February 5, 2019. (ECF No. 37 at PageID #345.) Nothing on ECF No. 30-3 indicates that service was unsuccessful, however. (ECF No. 30-3.)

against Plaintiff, supplied a copy of the order to Officer Hammel, and that Defendants had no reason to discredit Ms. Morgan's statements. Further, Officer Hammel took clear steps to ensure that the order was effective before arresting Plaintiff—steps that Plaintiff himself acknowledged in his deposition. (ECF No. 26-1 at PageID #148-49.) That is, Plaintiffs own words and actions demonstrated his awareness of the protection order.

Consequently, no reasonable jury could find that the facts and circumstances within the knowledge of Officers Hammel and Akpalo were insufficient to inform a prudent person, or one of reasonable caution, that Plaintiff had committed, was committing, or was about to commit an offense. *See Fridley*, 291 F.3d at 872. Plaintiff's actions—standing on the porch, in the doorway, and entering the home—were clear violations of the protection order. (*See* Order of Protection, Doc. 29-1 at 2) (requiring Plaintiff to stay away from Ms. Morgan's property). Thus, as the Magistrate Judge correctly found, the evidence supports only one conclusion: The Officers had probable cause.

Thus, when viewing the evidence before the Court in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, there are no genuine issues of material fact and Defendants are entitled to summary judgment on Plaintiff's § 1983 claims.

### IV. Motion to Compel

Separately, Plaintiff moves the Court to compel Defendants to produce the full body camera footage of his arrest "only if the Judge grants or gives the Plaintiff the opportunity to present the case in front of the honorable Judge." (ECF No. 36 at 1.) That footage has already been admitted into the record and was available to Plaintiff. (ECF No. 28.) In any event, Plaintiff merely asks for the footage to be sent to him so he could prepare for trial. Because of this Court's foregoing determination that summary judgment for Defendants is proper, Plaintiff's request has been rendered moot.

## V.  Conclusion

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation and **GRANTS** Defendants' Motion for Summary Judgment.  (ECF No. 29.) Plaintiff's Motion to Compel production of Officer Hammel's full body camera footage is **DENIED AS MOOT**.  (ECF No. 36.)

The Clerk is directed to close this case on the Court's docket.

**IT IS SO ORDERED.**


**11/10/2021**                                                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                                                                 **EDMUND A. SARGUS, JR.**
                                                                                              **UNITED STATES DISTRICT JUDGE**